NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-682

NESTOR ALLEN LOAYZA

vs.

YASMINE LOAYZA.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Nestor Allen Loayza (husband), the former spouse of Yasmine Loayza (wife), appeals from a November 2019 judgment issued by a judge of the Probate and Family Court that adjudicated the husband's complaint for modification of the divorce decree, and a November 2019 order allowing the wife's motion for attorney's fees.[1] After a four-day trial, the judge denied the husband's request for sole legal and physical custody of the parties' child, allowed the husband's request to recalculate child support, and partially allowed the wife's motion for attorney's

_____

[1] Entered on the Probate and Family Court docket are multiple complaints for modification and contempt. The complaint at issue is contained in the husband's record appendix and was docketed as pleading number 468.

fees.  The husband appeals from so much of the judgment as recalculated child support and from the order allowing attorney's fees to the wife.[2]  On the calculation of child support, the husband points to one place where the judge's findings stated an incorrect amount for the husband's gross weekly income; the wife concedes that the amount was incorrect. Because the record is insufficient for us to determine whether that error affected the calculation of child support, we remand to the Probate and Family Court for determination of that issue and, if necessary, recalculation of child support.  We otherwise affirm.

Discussion.  1.  <u>Apparent clerical mistake in finding on imputed income</u>.  The husband argues that the judge erred by stating in paragraph 73 of her findings that, for the period between December 28, 2016, and April 20, 2017, she imputed gross weekly income to the husband of $1,341.[3]  The wife agrees that

---

[2] On appeal, the husband does not argue that the judge erred in concluding that joint physical and legal custody was in the best interests of the child.  His notice of appeal states that he appeals from dismissals of two complaints for contempt, but he has not included the complaints for contempt in the record appendix, and he makes no argument about those rulings in his brief.  We do not consider any of those issues.  See Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019) ("The appellate court need not pass upon questions or issues not argued in the brief").

[3] That $1,341 amount was the amount of income that, after the divorce trial in 2015, the trial judge had imputed to the husband.

2

paragraph 73 of the findings contains an apparent scrivener's error, but points out that the husband could have remedied it by filing a motion to correct a clerical mistake. See Mass. R. Dom. Rel. P. 60 (a) ("Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party").

In contrast to the $1,341 amount set forth in paragraph 73, in six other paragraphs of her findings of fact, the judge consistently found that the gross weekly income imputed to the husband was $560, based on his March 6, 2017 financial statement.[4] In the rationale section of her decision, the judge concluded that she "impute[d] weekly income to [the husband] as reported on his Financial Statement, filed on March 6, 2017," i.e., the $560 amount.

Because the judge referred to the $560 amount in her rationale, we cannot ascertain from the record before us whether the judgment used that amount or the $1,341 figure as gross weekly income imputed to the husband in calculating child support for the period between December 28, 2016, and April 20,

_____

[4] The judge did not credit the husband's April 9, 2018 financial statement, in which he claimed a gross weekly income of $126. We do not disturb that finding.

2017.[5]  Accordingly, we remand for the judge to make further findings clarifying what figure was used as the husband's gross weekly income in calculating child support for that period and for recalculation of the husband's child support obligation for that period.

2.  Attorney's fees.  The husband argues that the judge erred in awarding attorney's fees to the wife in the amount of $6,000.

In her motion for attorney's fees, the wife argued that, by refusing to agree to uncontested facts or exhibits and by insisting on calling at least one redundant witness, the husband caused the trial to take four days instead of the two that had originally been scheduled.  Her motion noted that in his pretrial memorandum, the husband estimated that the trial would take one day, but in fact he took more than three days to present his case; the wife presented her case in under four hours.

---

[5] We decline the husband's request in his reply brief that we calculate the amount of child support.  That determination is the prerogative of the Probate and Family Court, and in any event the husband did not include in the appellate record copies of the documents that would be necessary for us to make that calculation, including the parties' worksheets and the applicable Massachusetts Child Support Guidelines.

The judge, who presided at trial, had broad discretion under G. L. c. 208, § 38, to award attorney's fees to either party.

> "The factors relevant to an exercise of judicial discretion in determining an award of attorney's fees in a case such as this include the ability of the wife's counsel, the work performed, the results secured, the time spent, the hourly rates, the existence of contemporaneous time records, the financial positions of the parties, and the husband's obstructionist conduct which prolonged the proceedings" (quotation and citation omitted).

Schechter v. Schechter, 88 Mass. App. Ct. 239, 260 (2015).  The husband protests that he "did not engage in obstructionist conduct and merely lacked skill in conducting a trial."  We are not persuaded.  "A judge has discretion to award fees even in the absence of bad faith or frivolous claims or defenses." Wasson v. Wasson, 81 Mass. App. Ct. 574, 582 (2012) (judge determined that mother was "litigious for the sake of being litigious").  "We recognize that a calculation of attorney's fees requires an exercise of judgment involving the application of many factors, and that any award made will be entitled to considerable respect on review" (citation omitted).  Cooper v. Cooper, 62 Mass. App. Ct. 130, 141 (2004).  The wife's motion sought $7,200 in attorney's fees; the judge did not abuse her discretion in ordering the husband to pay $6,000 of the wife's attorney's fees.  See L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014) (abuse of discretion occurs when judge makes clear

5

error of judgment in weighing factors relevant to decision "such that the decision falls outside the range of reasonable alternatives").

To the extent that the husband argues that his lack of skill should be excused because at the time of trial he was a law student but not yet a member of the bar, we note that pro se litigants are held to the same standards as litigants represented by counsel.  See Jordan v. Register of Probate for Hampden County, 426 Mass. 1020, 1020 (1998) ("Once again, we caution pro se litigants that they will be held to the same standards as litigants who are represented by counsel").  See also Neuwirth v. Neuwirth, 85 Mass. App. Ct. 248, 257 (2014).[6]

Conclusion.  We vacate paragraph 9 of the judgment of modification dated November 26, 2019.  The matter is remanded for the limited purpose of further findings clarifying what amount was imputed to the husband as gross weekly income in calculating child support for the period between December 28, 2016, and April 20, 2017, and for recalculation of the husband's child support obligations for that period consistent with this memorandum and order.  The judgment is otherwise affirmed.  The

---

[6] The wife's request for appellate attorney's fees is denied.

order dated November 26, 2019, allowing the wife's motion for attorney's fees is affirmed.

So ordered.

By the Court (Desmond,
Grant & Hodgens, JJ.[7]),

Clerk

Entered: April 29, 2025.

---

[7] The panelists are listed in order of seniority.